IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CARL ANTHONY EPPS, II,

        Defendant.

Case No. 25-CR-007-JFH

## OPINION AND ORDER

Before the Court is a Motion to Dismiss the Indictment ("Motion") filed by Defendant Carl Anthony Epps, II ("Defendant"). Dkt. No. 23. Defendant also filed a supplement to his Motion. Dkt. No. 24. The United States of America ("Government") opposes the Motion. Dkt. No. 25. For the following reasons, Defendant's Motion [Dkt. No. 23] is DENIED.

## BACKGROUND

On January 6, 2025, Defendant was charged by indictment with two counts of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Dkt. No. 2. Defendant is set for trial on the Court's March 10, 2025 docket. Dkt. No. 11.

## AUTHORITY AND ANALYSIS

Defendant moves for dismissal of the indictment based on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), arguing that the federal felon-in-possession statute codified at 18 U.S.C. § 922(g) is unconstitutional as applied. Dkt. No. 23 at 1-2. Specifically, Defendant argues that "the Nation's historical tradition of firearms regulation does not support permanently disarming persons for crimes like those allegedly committed by [Defendant.]" *Id*. at 2. However, in his supplement, Defendant acknowledges that the Tenth Circuit's recent published

decision in *Vincent v. Bondi*, --- F.4th --- (10th Cir. 2025) is binding on this Court and, therefore, forecloses his argument.[1]  Dkt. No. 24.

In 2022, the Supreme Court examined the Second Amendment's constitutional protection of the right to keep and bear arms. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). *Bruen* did not concern a criminal statute. Rather, it involved a challenge to federal firearms licensing. *Id.* The *Bruen* decision included a nuanced discussion of Second Amendment caselaw and announced a new rule for evaluating firearms regulation: "[T]he government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127.

In September of 2023, the Tenth Circuit issued an opinion addressing *Bruen*. *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023). In *Vincent*, the Tenth Circuit considered whether *Bruen* overruled its precedential decision in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), wherein the Tenth Circuit upheld the constitutionality of 18 U.S.C. § 922(g)(1), prohibiting the possession of firearms by *all* previously convicted felons. *Id.* at 1202. The Tenth Circuit held that because *Bruen* did not "indisputably and pellucidly abrogate[]" its ruling in *McCane*, it was obligated to apply its prior precedent. *Vincent*, 80 F.4th at 1202.

In June of 2024, the United States issued its opinion in *United States v. Rahimi*, which considered the constitutionality of 18 U.S.C. § 922(g)(8). *United States v. Rahimi*, 602 U.S. 680 (2024). The *Rahimi* Court articulated the Second Amendment constitutional test to require lower courts to consider "whether the challenged regulation is consistent with the *principles* that underpin our regulatory tradition." *Id.* at 692 (emphasis added). Although not purporting to

---

[1] For purposes of preserving his argument for appeal, Defendant does not withdraw his Motion. Dkt. No. 24 at 1.

"undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment," the Supreme Court concluded, "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id.* at 702.

On July 2, 2024, on petition for writ of certiorari, the United States Supreme Court vacated and remanded the Tenth Circuit's decision in *Vincent* "for further consideration in light of *United States v. Rahimi*." *Vincent v. Garland*, 144 S. Ct. 2708 (Mem) (July 2, 2024). On February 11, 2025, the Tenth Circuit issued its decision following remand concluding that *Rahimi* did not overrule its prior precedent in *McCane*. *Vincent v. Bondi*, --- F.4th ---, 2025 WL 453999 (10th Cir. 2025). Following this decision, *McCane*, which upholds the constitutionality of 18 U.S.C. § 922(g)(1), prohibiting the possession of firearms by all previously convicted felons, remains binding on this Court. For this reason, Defendant's argument is foreclosed by *McCane* and *Vincent*.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss the Indictment [Dkt. No. 23] is DENIED.

DATED this 21st of February 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE